**In re Nicholas MOUKAZIS and Stephanie Moukazis, Debtors.**

No. 1–12–42299–jf.

United States Bankruptcy Court, E.D. New York.

Oct. 11, 2012.

248

Paul Hollender, Esq., Corash & Hollender, P.C., New York, NY, for Debtors.

Krista M. Preuss, Esq., Office of the Standing Chapter 13 Trustee, Marianne DeRosa, Jericho, NY, for the Chapter 13 Trustee.

## DECISION AND ORDER DISALLOWING CORASH & HOLLENDER, P.C.'S $7,500 FLAT FEE APPLICATION AND AWARDING FEES OF $5,000

JEROME FELLER, Bankruptcy Judge.

Corash & Hollender, PC ("Movant") seeks approval pursuant to 11 U.S.C. § 330(a)(4)(B) ("Application") of the $7,500 flat legal fee ("Flat Fee") for its representation of Nicholas Moukazis and Stephanie Moukazis ("Debtors") in this Chapter 13 bankruptcy case. ECF No. 19. Marianne DeRosa, the Chapter 13 Trustee ("Trustee"), objects to the Flat Fee, arguing that a fee in excess of the customary rate charged in Chapter 13 cases in the Eastern District of New York ("Eastern District") is not justified in this routine case. ECF No. 23. Movant insists that the Flat Fee is justified by the experience and expertise of its attorneys, the quality of its service, and the results in this case; that the Debtors agreed to the fee voluntarily; and that the billing records submitted with the Application demonstrate Movant earned the $7,500 fee. ECF No. 19.

The Court held a hearing on the Application on September 20, 2012, at which Movant and counsel for the Trustee appeared and were heard. As indicated on the record at the hearing, and as more fully described below, based upon the Application, the Trustee's objection, Movant's reply (ECF No. 24), the entire record, the necessity of the services rendered, the benefit of those services to the Debtors, the time expended, the customary fees and reasonable hourly rates for the services performed, and public policy considerations, the Court finds that the Flat Fee is not allowable and awards Movant fees of $5,000 as reasonable compensation under 11 U.S.C. § 330(a)(4)(B).

## I.

11 U.S.C. § 329(a) "authorizes the Court to determine the reasonableness of compensation" paid or agreed to be paid "for representing the interests of a debtor in connection with a bankruptcy case." *In re Chin Kim*, 2012 WL 3907490, at *3 (Bankr.E.D.N.Y. Sep. 6, 2012); *see also* Fed. R. Bankr.P. 2016(b), 2017(b). Indeed, the Court has a duty to determine the reasonableness of attorneys' fees regardless of whether a party in interest objects to them. In Chapter 13 cases, 11 U.S.C. § 330(a)(4)(B) provides that "the court may allow reasonable compensation to the debtor's attorney ... based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). The use of "may allow" in the statute makes clear that whether fees are reasonable is a matter of the court's discretion. The "other factors" include the amount of time spent, "whether the services were performed within a reasonable amount of time commensurate with the complexity" of the case, the reasonableness of the rates charged, the necessity and benefit of the services rendered, and comparable fees charged in

non-bankruptcy cases. 11 U.S.C. § 330(a)(3). In addition, courts consider public policy concerns when awarding fees. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir.1994); *In re Wesseldine*, 434 B.R. 31, 39–40 (Bankr.N.D.N.Y. 2010); *In re Dabney*, 417 B.R. 826, 829 (Bankr.N.D.Ga.2009); *In re Thorn*, 192 B.R. 52, 55 (Bankr.N.D.N.Y.1995).

■ Courts in this circuit have focused on factors such as the complexity of the case, the standard or customary fees, and the experience and performance of counsel. *See, e.g., In re Arebalo*, 2011 WL 1336676, at *1–3 (E.D.N.Y. Mar. 31, 2011); *In re Johnson*, 331 B.R. 534, 536 (Bankr. W.D.N.Y.2005). As explained by one court, "when the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *Thorn*, 192 B.R. at 56 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) (internal citations omitted).

In assessing the reasonableness of the Flat Fee, this Court will consider the necessity of the services rendered, the benefit to the Debtors, the time expended, the customary fees and reasonable hourly rates for the services performed, and public policy concerns.

## II.

The record shows that this case was unexceptional and uncomplicated. On March 30, 2012, the Debtors filed their petition and related schedules and statements. Three days later, they filed a Chapter 13 plan, dated March 29, 2012 ("Plan"). ECF No. 5. On May 30, 2012, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) and closed. The Court held a confirmation hearing on July 11, 2012, at which the Plan was confirmed. A formal order confirming the Plan was entered on July 31, 2012.

The Debtors are steady wage earners. Their combined 2011 income was $135,302, and Movant anticipates the Debtors' combined 2012 income will be approximately $150,000. ECF No. 19–1 ¶ 4. The schedules show combined gross monthly income of $12,686.92. In addition, the Debtors valued their personal property at $72,521.56, and their real property at $433,200. They listed the claims of the first mortgagee at $373,931 and the second mortgagee, by virtue of a home equity loan, at $23,975. This leaves exempt net equity in the property of $35,294. The Debtors did not owe arrears on their mortgages and were also current on their obligations to the lessors of two vehicles, a 2011 Jeep Grand Cherokee and a 2011 Nissan Maxima, and to the City of New York for real estate taxes.

Despite their income, the Debtors scheduled over $92,000 in unsecured debt. As Movant explains, this case "was precipitated by overspending, followed by a home equity loan, a pension loan, and a 401k loan to pay cumulative debt, without careful review of spending habits." ECF No. 19–1 ¶ 7. Thus, as a result of their obligation to repay the retirement loans, as well as other standard payroll deductions, the Debtors' combined net monthly income is scheduled as $7,625.79. Their monthly expenses are scheduled as $7,355.96, leaving a monthly surplus of $269.83. These expenses include a $202 expense for the home equity loan, $2,514.31 for the first mortgage, as well as significant lease, day care, and other obligations.

Movant explains that a payout under the Plan to unsecured creditors of "approximately 44 percent" is "accomplished by a step-up plan, starting at $200.00 monthly,

and increasing as each retirement loan is paid off." ECF No. 19–1 ¶ 11. Specifically, payments to be made under the Plan are as follows: $200 per month from April 30, 2012 to January 30, 2014, for 22 months, $795 per month from February 28, 2014 to March 30, 2014, for 2 months, and $1,313 per month from April 30, 2014 to March 30, 2017, for 36 months. In addition to the *pro rata* distribution to unsecured creditors of slightly less than half of the amount of their claims, the Plan also provides full payment of the sum of $6,500 to the Debtors' one priority creditor, the Movant, for the balance of the Flat Fee.

The record also shows that Movant intended the Flat Fee to cover only the bare minimum of possible services in a Chapter 13 case. Although Movant did not submit its retainer agreement with the Debtors, Movant indicates that it was retained on February 6, 2012, and the statement filed with the petition pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr.P. 2016(b) ("Rule 2016(b) Statement") provides that the Flat Fee is for the following services: (1) "[a]nalysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy"; (2) "[p]reparation and filing of any petition, schedules, statements of affairs and plan which may be required"; (3) "[s]tandard telephone calls and correspondence with trustee"; (4) "attendance at one 341 Meeting of Creditors"; and (5) "attendance at one Confirmation Hearing." ECF No. 1 at 40.

The Rule 2016(b) Statement also delineates the services that are not included in the Flat Fee: "amendments, examinations, or information requests by US Trustee's Office, attendance at adjourned hearings, prosecution or defense of motions ... or adversary proceedings, legal research ..., negotiations with secured creditors to reduce claims[,] and other matters beyond the scope of a simple bankruptcy case." *Id.* These additional services are billed at $350.00 per hour for partners, $300.00 per hour for other attorneys, and $175.00 per hour for paralegals.

Movant charged a flat fee of $7,500 for the bare minimum of possible legal services in a Chapter 13 case and reserved the right to charge additional fees for such typical and usual services as amendments to schedules, attendance at adjourned meetings of creditors or hearings, and routine motion practice. This is reflected in the Application, which seeks approval of:

> [A] flat fee of $7,500.00 for evaluation of the feasibility of a Chapter 13 case, preparation of the initial schedules, working with the client to. formulate a plan, filing all documents, providing mandatory disclosure to the trustee, one appearance at a 341 meeting and one appearance at a confirmation hearing, along with attendant meetings with and communication with the client to effectuate the same.

ECF No. 19–1 ¶ 1.

The Debtors' Statement of Financial Affairs reports that they paid $1,000 of the Flat Fee prior to the petition date by making two payments of $250 in February and another of $500 the day before this case was filed. The billing records submitted with the Application show that Movant expended a total of 35.80 hours in the case yielding fees of $8,382.50. Partner Paul Hollender, Esq., expended a total of 12.10 hours at an hourly rate of $350, resulting in fees of $4,235, and paralegals expended a total of 23.70 hours at an hourly rate of $175, resulting in additional fees of $4,147.50. ECF No. 19–2.

### III.

█ Movant bears the burden of demonstrating the reasonableness of the Flat

Fee. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933; *Chin Kim,* 2012 WL 3907490, at *4.

In support of its Application, Movant responds to the Trustee's objections by arguing that legal fees are a function of "the amount of time [the attorney] expect[s] to spend on a file;" "the attorney's overhead expenses;" and "the quality of the attorney's work." ECF No. 24 ¶ 2. According to Movant, the time spent on this case is justified by its "high standards for the quality of work" which "necessarily requires more than average time spent on a file." ECF No. 24 ¶ 3. Movant also justifies the fees it charges based on the experience and expertise of its counsel and because it must "maintain space in a class A office building" to "provide for [its] large staff[.]" ECF No. 24 ¶ 4. Movant further contends that "all bankruptcy attorneys are not the same; there is free choice; and clients get what they pay for." ECF No. 24 ¶ 6. Finally, Movant stresses that its "actual billable time came to $8,282" before adjustments. ECF No. 24 ¶ 7.

These considerations may provide justification for the hourly rates and the time expended in other cases, but they do not establish the reasonableness of the Flat Fee in this Chapter 13 case. Indeed, Movant does not cite to a single case or any other authority to support the position that a flat fee of $7,500 is reasonable for the basic services contemplated and rendered in this straightforward Chapter 13 case.

In her objection, the Trustee points out that the customary fee for Chapter 13 cases in the Eastern District is between $3,500 and $5,000. ECF No. 23 ¶ 6, n.2. As recently as March 19, 2010, Judge Grossman determined that "the standard fee for a Chapter 13 proceeding in the Eastern District was between four thousand dollars ($4,000.00) and four thousand five hundred dollars ($4,500.00) for an experienced practitioner[.]" *Arebalo,* 2011 WL 1336676, at *1 (affirming Judge Grossman's order awarding fees of $4,000 and reimbursement of expenses of $274 in a case where counsel sought $34,650 in fees based on 99 hours billed).[1] And as recently as July 15, 2009, Judge Trust found that an attorney billing rate of $250 per hour was "reasonable in relation to rates generally charged in this district" in Chapter 13 cases. *In re Bailey,* 2009 WL 2167736, at *8 (Bankr.E.D.N.Y. July 15, 2009) (citing additional cases where the court awarded a legal fee based on a rate of $250 per hour). Judge Trust also found that $85 per hour was a reasonable rate for a paraprofessional. *Id.*

Several recent decisions discuss the prevailing attorney hourly billing rates in the Eastern District in non-bankruptcy cases. *See, e.g., FirstStorm Partners 2, LLC v. Vassel,* 2012 WL 3536979, at *3 (E.D.N.Y. Aug. 15, 2012) (citing cases); *Szczepanek v. Dabek,* 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011) (citing cases). Here, the rate charged by Movant for paraprofessional work appears far in excess of the prevailing rate in this district. *See Vassel,* 2012 WL 3536979, at *4 (finding that paralegal rates between $70 and $80 were acceptable, but rates between $180 and $211.50 were unreasonable).

The Trustee's and Judge Grossman's assessment of the customary fees of debtors' counsel is further supported by administrative orders of the Utica and Albany divisions of the Northern District of New York setting presumptive caps on attor-

---

1. In *Thorn,* a case decided in 1995, the court determined that fees between $1,450 and $1,500 were excessive in three noncomplex Chapter 13 cases. *Thorn,* 192 B.R. at 56. The court found that $750 was reasonable compensation for six hours of legal services. *Id.*

neys' fees in Chapter 13 cases. Although the Eastern District does not have a fee cap, and this Court is not hereby endorsing fee limits in Chapter 13 cases, the assessments of the Utica and Albany divisions are instructive. For example, the Albany Division's June 29, 2012 administrative order ("AO 12–03") limits attorney compensation in Chapter 13 cases to no more than $4,000. Moreover, to be entitled to that fee, counsel must agree to perform the services included within an attachment to AO 12–03 titled "Rights and Responsibilities of Chapter 13 Debtors and their Attorneys" ("AO 12–03 Guidelines"), which requires that counsel, *inter alia,* meet with the debtor, review the debtor's financial circumstances, prepare the debtor's petition, plan, statements, and schedules, appear at the 341 meeting, *and* respond to objections to plan confirmation, prepare amended plans, statements, and schedules, prepare all necessary motions, and defend motions for relief from the stay and for dismissal or conversion of the case. *See* AO 12–03 Guidelines.

No matter how devoted they are to the quality of their representation or how classy their offices might be, attorneys in the Northern District must offer a far more extensive range of services for a flat fee of $4,000 than Movant offers for $7,500 in this case. Even so, there is no entitlement to $4,000 in fees in the Northern District, because, as stated above, courts have a duty to examine fees and counsel bears the burden of establishing the reasonableness of its fees. *See, e.g., Wesseldine,* 434 B.R. at 32–33 n. 1. Of course, AO 12–03 also recognizes that higher compensation may be warranted in more complex cases. *See*

AO 12–03 Guidelines (stating that "[a]dditional fees may be awarded and paid to the attorney if an extraordinary level of service is provided").[2]

■ Based on the above considerations, justification of a $7,500 fee for the services contemplated or actually rendered by Movant is nonexistent. The Debtors' case was not complex. They were current on their mortgages, real estate taxes, and automobile payments, both pre-petition and post-petition, and although the Plan is a so-called "step-up plan," the Debtors' future ability to pay higher amounts to their unsecured creditors simply results from the post-petition maturity of certain loans, not by any restructuring or adjustment of claims through motion practice or otherwise. There was only one meeting of creditors under 11 U.S.C. § 341(a). No adjournments were required. The original plan, without amendment or objection, was confirmed at the first confirmation hearing, the only hearing in this case prior to the hearing on Movant's fee request. In this uninvolved Chapter 13 case, Movant was able to accomplish confirmation of the Plan by performing the minimal services outlined in the Rule 2016(b) Statement.

There is no doubt that the services rendered benefited the Debtors or that the basic tasks were well performed and were necessary, but this alone is not sufficient to render the $7,500 Flat Fee reasonable. The Flat Fee far exceeds the customary fees in Chapter 13 cases in this district, while covering fewer services than attorneys are usually expected to render in such cases. Movant invites this Court to grant it a bonus for a claimed expertise in

**2.** The Utica Division's Administrative Order relating to Chapter 13 fees, dated August 11, 2009, limits fees to no more than $3,700, while requiring attorneys to provide the services listed in an earlier version of the AO 12–03 Guidelines. *See also* Bankr.D. Mass. Rule

13–7(b) and (c) (effective June 1, 2012) (presumptive allowed fee of $3,500 for pre-confirmation services); W.D. Pa. LBR 2016–1(f) (effective March 1, 2012) (presumptive allowed fee of $3,700 based on agreement to provide services listed in LBR 2016–1(g)).

performing the bare minimum under the roof of a "class A" office space. The Court rejects this invitation. Indeed, it is patently inappropriate for Movant to pass its capital expenditures or other discretionary overhead onto Chapter 13 debtors. In that regard, and in the overall calculation of the Flat Fee in this case, Movant failed to exercise reasonable billing judgment.

In addition, Movant's failure to exercise appropriate billing judgment raises significant public policy concerns. Competing public policy considerations impact the reasonableness of attorneys' fees in Chapter 13 cases. Empirical evidence shows that Chapter 13 cases are far more likely to succeed when debtors are represented by counsel. *See, e.g., Wesseldine,* 434 B.R. at 39–40. As a result, courts encourage attorney representation by allowing reasonable fees within the boundaries of the standard fees charged in Chapter 13 cases of similar complexity. The obvious corollary is that in order to ensure that debtors have access to counsel, they "should not be overcharged in cases that lack the complexity or difficulty of others." *Id.* at 40.

■ Movant's justification for the Flat Fee is expressed in terms of the factors that matter most to it—overhead, quality of service, and years of experience. But this Court must consider the interests of debtors, creditors, and the purposes of the Bankruptcy Code, in addition to the interests of counsel. As cogently explained by another court:

> Bankruptcy courts have traditionally scrutinized professional compensation for several reasons. There is a concern for protecting the interest of a debtor in financially distressed circumstances from possible overreaching. There is the additional concern of protecting creditors since, in any case in which a debtor is paying less than 100% to unsecured creditors, the creditors are essentially paying the debtor's attorney's fees. Further, the Bankruptcy Code recognizes that there is an inherent public interest that must be considered in awarding fees.
>
> At the same time, bankruptcy courts recognize the critical importance of debtors' attorneys to the system. Thus, a reasonable fee must be one which protects the debtor, the estate, and creditors, while being generous enough to encourage lawyers and others to render the necessary and exacting services that bankruptcy cases often require.

*Dabney,* 417 B.R. at 829 (internal quotation marks and citations omitted). Allowing the $7,500 Flat Fee for the services offered and rendered by Movant would set bad precedent. Allowance of such compensation in this case would not only be impermissibly generous, but would constitute a judicial imprimatur of a level of compensation that may well render debtor representation by counsel in Chapter 13 cases unaffordable to persons most in need of Chapter 13 relief.[3] It is no comfort to the Court that Chapter 13 debtors can pay such fees over a three to five year period through their plans. Unless there is a "100 percent plan," unsecured creditors will effectively pay the fee while receiving a lower pro rata distribution. In sum, overly generous legal compensation would have the undesirable consequences of

---

**3.** Movant's asserted right to charge at an hourly rate for the often required services not included in the Flat Fee also makes the range of possible fees in Chapter 13 cases too difficult for debtors to predict. It is doubtful that a prospective client will appreciate the likelihood that such routine services as amendments to schedules, attendance at adjourned meetings and hearings, or simple motion practice could easily cause fees to balloon by thousands of dollars.

thwarting the ability of debtors to be represented by counsel and unjustifiably reducing payments to creditors.

For these reasons, the Flat Fee of $7,500 will not be allowed under 11 U.S.C. § 330(a)(4)(B). Rather, the Court finds that a reasonable level of compensation in this case is $5,000. In reaching this conclusion, the Court does not intend to establish a fee cap in Chapter 13 cases. Rather, this award takes into consideration the necessity of the services actually rendered, the benefit to the Debtors, the time expended, the customary fees and reasonable hourly rates for the necessary services performed, and public policy concerns. A fee above $5,000 is unwarranted because this case was not complex and did not mandate more from Movant than the bare minimum of services reflected in the Rule 2016(b) Statement.

Accordingly, Movant is awarded $5,000 as reasonable compensation under 11 U.S.C. § 330(a)(4)(B).

**IT IS SO ORDERED.**

